HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15

| | |
|---|---|
| HALINA BOJARSKI, | |
| Plaintiff, | |
| v. | CASE NO. C12-749RAJ |
| CAROLYN W. COLVIN,[1] in her capacity as Acting Commissioner of the Social Security Administration, | ORDER |
| Defendant. | |

16

## I.  INTRODUCTION

17
18
19
20
21
22
23
24
25

This matter comes before the court on the Report and Recommendation ("R&R") (Dkt. # 17) of the Honorable James P. Donohue, United States Magistrate Judge, along with the Commissioner's objection (Dkt. # 18) to the R&R.  The court has considered the R&R, the objection, Plaintiff's response, the briefs the parties submitted to Judge Donohue, and the Administrative Record ("AR").  For the reasons stated below, the court adopts the R&R, DENIES the Commissioner's objection, remands this action to the Social Security Administration ("SSA") with instructions to award Plaintiff disability benefits based on a disability onset date of December 31, 2000, and directs the clerk to enter judgment for Plaintiff.

26
27
28

[1] The court substitutes Ms. Colvin for her predecessor, Michael J. Astrue.  Fed. R. Civ. P. 25(d).

ORDER – 1

## II.  BACKGROUND

It has been nearly 10 years since Plaintiff Halina Bojarski first applied for disability benefits.  In that time, she has participated in three hearings before SSA administrative law judges ("ALJs").  Each time, the ALJ has concluded that she is not disabled.  The first two decisions led to remands for new hearings.  The court now considers the results of the third hearing.

The biggest reason for the prolonged period of adjudication, it would appear, is that whereas Ms. Bojarski did not apply for benefits until October 2003, the date on which she was last insured was December 31, 2000.  The record is laden with medical evidence and other evidence pertaining to her mental and physical health *after* her date last insured,[2] but there is comparatively little evidence of her condition before that date. Ms. Bojarski has suffered from a variety of physical and mental ailments from October 1995 (the date on which she contends her disability began) to the present.  For purposes of this order, it suffices to focus on one: chronic fatigue.  As a terse summary of that condition from Ms. Bojarksi's perspective, the court notes that prior to a bout of viral meningitis in 1995, Ms. Bojarski was energetic and fully capable of performing her job as a marketing consultant.  According to her, however, the meningitis marked the beginning of a dramatic change in her level of energy.  She lacked energy to do much of anything, and when she did perform even basic tasks, she was so tired that she would sleep for hours.  For example, driving her son to a school bus stop in the morning would lead her to fall asleep as soon as she returned home, and to have difficulty awakening by 3:30 p.m. to pick her son up.  AR 1942 (describing period two years prior to date last insured).

After an administrative remand following Ms. Bojarksi's first hearing before an ALJ, the same ALJ issued a decision in November 2007 concluding that she was not disabled as of her date last insured because she was still capable of performing her past

---

[2] No one has contended that the evidence is insufficient to establish that Ms. Bojarski has been disabled continuously since her date last insured.

ORDER – 2

relevant work as a marketing consultant.  The ALJ concluded that her testimony as to the disabling effect of her condition prior to her date last insured was not credible, and found that the medical evidence on which she relied was not adequate to establish a disability prior to her date last insured.  The ALJ concluded that she could perform light work, with mild restrictions, as of her date last insured.  AR 21.

Ms. Bojarski appealed the decision, and in February 2010, the Honorable Mary Alice Theiler issued a ruling remanding the case for a new administrative hearing.  She acknowledged the relative scarcity of contemporaneous medical records from the insured period, but concluded that the ALJ could not discount later medical records that offered retrospective viewpoints on her disability solely for that reason.  Judge Theiler reversed the ALJ's adverse credibility determination.  She required the ALJ to attempt to obtain additional medical records from the insured period, and she required the ALJ to enlist a medical expert to assess Ms. Bojarski's condition during the insured period based on the evidence.  No. C09-833MAT (Dkt. # 15), Feb. 22, 2010 ord. at 12, 15.

On remand, a new ALJ complied with Judge Theiler's order.  Both the ALJ and Ms. Bojarski's counsel attempted to find additional records, with limited success.  The ALJ also engaged Dr. John Lindberg to review those records and render opinions on Ms. Bojarski's condition during the insured period.

The results of the remand were no better for Ms. Bojarski.  After a November 2010 hearing, the ALJ issued a decision in January 2011 that was essentially identical to the prior one.  It concluded that Ms. Bojarski could perform her past work as a marketing consultant as of her date last insured, and that she was therefore not disabled.  As in the previous decision, the ALJ found Ms. Bojarksi's testimony about her condition during the insured period to be incredible.  As in the previous decision, the ALJ discounted medical evidence created after the insured period because it was not illuminative of the insured period.

ORDER – 3

Ms. Bojarksi appealed again.  This time, the R&R does not recommend a remand for a fourth hearing, it recommends that the court remand with instructions to award benefits to Ms. Bojarski.  Although the R&R recommends that the court find that Ms. Bojarski's disability onset prior to her date last insured, it makes no recommendation as to as specific onset date.

The Commissioner does not object to the R&R insofar as it requests a remand,[3] but objects to an instruction that the Commissioner award benefits.  In the Commissioner's view, there is not enough evidence in the record to mandate the conclusion that Ms. Bojarski is disabled.  In addition, the Commissioner correctly points out that the R&R makes no recommendation as to the onset date of Ms. Bojarski's disability.

For the reasons stated below, the court denies the Commissioner's objection, remands the case to the Commissioner with instructions to award benefits, and instructs the Commissioner to base all relevant calculations on a disability onset date of December 31, 2000.

## III.  ANALYSIS

### A.  Standard of Review

The R&R accurately summarizes the standard of review applicable to the ALJ's decision.  Briefly, where "substantial evidence" supports an ALJ's factual finding, the court generally must affirm it.  *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted).  In certain circumstances, such as when an ALJ rejects a claimant's testimony about the severity of her impairments, a

---

[3] The final sentence of the Commissioner's objection says that the court should remand for further proceedings "or find that Plaintiff is not disabled . . . ."  The Commissioner presented no argument in its objection to support the conclusion that the court can determine from the record before it that Plaintiff is not disabled.

ORDER – 4

1   higher standard applies.  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

2   (requiring "specific, cogent reasons" for rejecting claimant's testimony, and "clear and

3   convincing evidence" where there is no evidence of malingering).  The court does not

4   defer to the ALJ's legal conclusions.  *Bray*, 554 F.3d at 1222.  The court reviews a

5   magistrate judge's R&R de novo.  Fed. R. Civ. P. 72(b)(3).

6          The R&R also accurately summarizes the five-step process for determining

7   whether an applicant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v),

8   416.920(a)(4)(i)-(v).  An applicant is disabled if, for a period of sufficient duration, she

9   can perform neither her past relevant work nor any other substantial gainful activity

10  available in the national economy.  In the first step, the applicant must show that she did

11  not engage in substantial gainful activity during a relevant time period.  If she did, then

12  she is not disabled.  If she did not, then the claimant must show at the second step that

13  she has a "severe impairment" that limits her ability to work.  20 C.F.R. § 404.1520(c).

14  If so, she must show at the third step that over the course of at least a year, her

15  impairment "meets or equals" an impairment listed in applicable regulations.  If it does,

16  she is disabled.  If not, the ALJ must determine, between step three and step four, the

17  applicant's residual functional capacity ("RFC"), which is an assessment of the

18  applicant's "ability to work after accounting for her verifiable impairments."  *Bray*, 554

19  F.3d at 1222-23.  The applicant must demonstrate at step four that her RFC is such that

20  she cannot perform her past relevant work.  *See* 20 C.F.R. § 404.1520(f) (noting that an

21  applicant who can perform past relevant work is not disabled).  If she cannot, then the

22  burden shifts to the SSA to demonstrate that her RFC permits her to perform other jobs

23  that exist in substantial numbers in the national economy.  *See Bray*, 554 F.3d at 1223

24  (describing allocation of burdens in five-step process).

25

26

27

28  ORDER – 5

1

2

3

In this case, the ALJ ended the analysis at step four, concluding that Ms. Bojarski's RFC permitted her to perform a full range of light work, and that her past relevant work as a marketing consultant required no more than light work.

4

**B.     The Medical Expert the ALJ Relied on at the Last Hearing, Coupled With Ms. Bojarski's Testimony, Mandates A Finding of Disability.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

The court begins its review of the ALJ's decision with Dr. Lindberg, the expert whom the ALJ engaged to conduct the review that Judge Theiler ordered of the medical evidence. Dr. Lindberg concluded that he "had every reason to believe that prior to 2000 [Ms. Bojarski] was physically capable of light work. But, the fatigue would be a strong factor in preventing her from being able to work a 40-hour week, eight hours a day." AR 1929. The ALJ did not attempt to elicit further testimony on the extent to which fatigue would limit her ability to work regular hours. Instead, the ALJ listed several examples of activities that Ms. Bojarski had reported that she believed were inconsistent with chronic fatigue. In response to that list, Dr. Lindberg simply reiterated his opinion: "I felt that she's physically capable of that activity. And I have no way of saying, based on the record, how limited she was in *sustaining* any degree of activity other than that she was given the diagnosis of chronic fatigue." AR 1931 (emphasis added). After Ms. Bojarski testified at the hearing, her counsel asked Dr. Lindberg to take that testimony into account. Dr. Lindberg responded that although he could not conclude that she "me[t] or equal[ed] any listing [at step three], her persistence of activity would be limited by her description of fatigue." AR 1951.

21

22

23

24

25

26

27

Dr. Lindberg's testimony doubles as a concise explanation for the reason the court must award benefits. As he explained, the medical records demonstrate that Ms. Bojarski suffered from chronic fatigue prior to her date last insured, but do not establish the extent to which that condition disabled her. Ms. Bojarski's testimony is the most comprehensive evidence available about the impact of fatigue on her life during the insured period. There is other evidence, to be sure, and the R&R summarizes it. But Ms.

28

ORDER – 6

1    Bojarski's testimony is the most specific as to both the extent of the fatigue and its

2    chronology during the insured period.  Absent some reason to disbelieve Ms. Bojarski's

3    testimony about the disabling effect of her condition during the insured period, a finding

4    of disability during that period is mandatory.  This is so because there is no substantial

5    evidence to which anyone has pointed that would suffice to overcome Ms. Bojarski's

6    testimony, if credible, about the disabling effect of her fatigue during the insured period.[4]

7            The R&R adequately explains the reasons that the court cannot uphold the ALJ's

8    determination that Ms. Bojarski was not credible.  The ALJ focused on numerous

9    instances in which Ms. Bojarski engaged in activity, including regular walks, occasional

10   vacations, attempts at work, and one two-day home improvement project.  Although the

11   ALJ felt that those activities were inconsistent with disabling fatigue, he did not address

12   the *aftermath* of those activities.  Ms. Bojarski testified that all of those activities left her

13   bedridden for the majority of the day or longer.  In other words, Ms. Bojarski's testimony

14   was consistent with Dr. Lindberg's.  She testified that she was capable, on occasion, of

15   engaging in certain activities.  She also testified, however, that those activities so drained

16   her that she was unable to perform any activity for a significant period thereafter.  The

17   ALJ offered no adequate reason to disbelieve that testimony.

18           Ms. Bojarski's testimony and Dr. Lindberg's opinions are a sufficient basis to

19   conclude that she was disabled prior to her date last insured.  She offered testimony as to

20   the disabling impact of her fatigue as of her date last insured and the two years prior.  AR

21   1940-45.  There is no question, crediting her testimony, that she would have been unable

22

23   [4] The only evidence to which the ALJ pointed to support a finding that Ms. Bojarski was capable
     of light work during the insured period was a six-page, check-the-box form that Dr. Robert
24   Bernadez-Fu completed in 2004.  AR 1060 (referring to AR 466-71).  Although Dr. Bernadez-
     Fu purported to assess Ms. Bojarski's condition from 1995 to 2000, he did not explain what
25   records he relied on in reaching that conclusion.  The ALJ disregarded the retrospective opinions
     of Dr. Carl Brodie, a treating physician, because they were rendered in 2005 and did not assess
26   the insured period in a credible way.  The ALJ could not disregard Dr. Brodie's opinion on that
     basis while relying on Dr. Bernadez-Fu, who used the same approach.  The court adopts the
27   discussion of this issue from the R&R.

28   ORDER – 7

to sustain work during that period.  No one has contended, moreover, that the evidence is insufficient to establish that she has been continuously disabled *after* her date last insured.

The Commissioner complains that because no vocational expert testified at the most recent hearing, there is no basis to conclude that Ms. Bojarski is unable to perform work that exists in the national economy.  If the Commissioner is aware of work that Ms. Bojarski could perform given the disabling effect of her chronic fatigue, the Commissioner has not revealed it to the court.  Moreover, the court observes that the ALJ recognized that this case hinged on whether to credit Ms. Bojarski's testimony about the disabling effect of her condition, not on vocational testimony.

> I don't think there's anything I could ask the vocational expert that are going to help.  I mean, I either think she can do some things or not.  It either boils down to sustainability or not.

AR 1957.  The court concurs.  The key disputed issue in this case is whether Ms. Bojarski could sustain work prior to her date last insured.  Absent a valid reason to discount Ms. Bojarski's testimony, the only permissible conclusion is that she could not.  As noted, no one contends that there has been a change in her condition since her date last insured that would be relevant to a disability determination.  A remand with instructions to award disability benefits is appropriate in these circumstances.

The Government also objects that a remand for further proceedings is necessary to determine the onset date of Ms. Bojarski's disability.  The ALJ made no findings on that issue, and neither did the R&R.  Ms. Bojarski suggests that the court simply adopt her claimed onset date in October 1995.  But despite 10 years of proceedings, an administrative record with nearly 2000 pages, and ample incentive, she points to no evidence that would permit the court to adopt her suggestion.  The court agrees that Ms. Bojarski's disability onset prior to her date last insured.  But with no evidence that would permit the court to fix a particular date, and with Ms. Bojarski insisting (understandably)

ORDER – 8

that she does not want further evidentiary proceedings, the court simply adopts Ms. Bojarski's date last insured (December 31, 2000) as the onset date of her disability.

## IV.   CONCLUSION

For the reasons stated above, the court adopts the R&R (Dkt. # 17) and DENIES the Commissioner's objections (Dkt. # 18).  The court remands this action to the Social Security Administration with instructions to award Plaintiff disability benefits based on a disability onset date of December 31, 2000, and directs the clerk to enter judgment for Ms. Bojarski.

The clerk shall ensure that Judge Donohue receives notice of this order.

DATED this 11th day of June, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9